United States Bankruptcy Court

Middle District of Florida

| | |
|---|---|
| In re: | Case No. 10-03746-CPM |
| Stephen Kanya | Chapter 11 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 113A-8 | User: admin | Page 1 of 2 |
| Date Rcvd: Jun 22, 2022 | Form ID: pdfdoc | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol     Definition**

\+          Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 24, 2022:**

**Recip ID          Recipient Name and Address**
db              + Stephen Kanya, 7692 Cove Terrace, Sarasota, FL 34231-5310

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 24, 2022            Signature:        /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 22, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Arthur C Neiwirth | on behalf of Creditor American Heritage Federal Credit Union aneiwirthcourt@qpwblaw.com |
| Jay D. Passer | on behalf of Creditor Estate of Milton Rubin tbcc2@verizon.net  kathykorson@hotmail.com |
| Larry M Foyle | on behalf of Creditor FORD MOTOR CREDIT CO  LLC. bankruptcynotices@kasslaw.com, bankruptcynotices@yahoo.com;lfoyle@ecf.courtdrive.com |
| Larry M Foyle | on behalf of Creditor Ford Motor Credit Company LLC bankruptcynotices@kasslaw.com bankruptcynotices@yahoo.com;lfoyle@ecf.courtdrive.com |
| Larry M Foyle | on behalf of Creditor American Heritage Federal Credit Union bankruptcynotices@kasslaw.com bankruptcynotices@yahoo.com;lfoyle@ecf.courtdrive.com |

| | | |
|---|---|---|
| District/off: 113A-8 | User: admin | Page 2 of 2 |
| Date Rcvd: Jun 22, 2022 | Form ID: pdfdoc | Total Noticed: 1 |

Mark D. Hildreth
    on behalf of Creditor Shoreland Holdings  LP mhildreth@shumaker.com, skerrigan@shumaker.com

Nathan A Wheatley
    on behalf of U.S. Trustee United States Trustee - TPA  11 nathan.a.wheatley@usdoj.gov

Nicole Mariani Noel
    on behalf of Creditor Ford Motor Credit Company LLC bankruptcynotices@kasslaw.com  nmnoel@ecf.courtdrive.com

R. John Cole, II
    on behalf of Debtor Stephen Kanya rjc@colecolelaw.com  courtney@colecolelaw.com;rjcolelaw@aol.com;rc3@colecolelaw.com

Richard John Cole, III
    on behalf of Debtor Stephen Kanya rc3@colecolelaw.com rcole3@gmail.com;legalassistant@colecolelaw.com;rjc@colecolelaw.com

United States Trustee - TPA, 11
    USTPRegion21.TP.ECF@USDOJ.GOV

TOTAL: 11

ORDERED.

Dated:  June 21, 2022

Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re

Stephen Kanya,                                                    Case No. 8:10-bk-03746-CPM
                                                                           Chapter 11

       Debtor(s).
_____/

ORDER PRESCRIBING CONSEQUENCES OF FAILURE
TO FILE OPERATING REPORTS AND PAY QUARTERLY FEES TIMELY

    The Debtor in Possession[1] in this case is required to file monthly operating reports until the earlier of confirmation of a plan or conversion or dismissal.[2] If the plan is confirmed, the Debtor in Possession must thereafter file quarterly operating reports until the case is closed (or administratively abated in an individual chapter

---

[1] All references in this order to "Debtor in Possession" shall apply to a chapter 11 trustee if one is appointed in this case.

[2] 11 U.S.C. § 1106(a)(1) (adopting by reference 11 U.S.C. § 704(a)(8)), Fed. R. Bankr. P. 2015(a), and the United States Trustee's Operating Guidelines and Reporting Requirements for Debtors In Possession and Chapter 11 Trustees.  The United States Trustee's Guidelines are promulgated in accordance with 28 U.S.C. § 586(a)(3), 11 U.S.C. § 704(8), and Fed. R. Bankr. P. 2015(a)(3) and apply in every chapter 11 case filed in this Court.  A PDF of the United States Trustee's Guidelines may be found on line at this link: www.justice.gov/ust-regions-r21/region-21-general-information#ch11.

11 case), converted, or dismissed.  These reports are to be filed on or before the 21st day of the month following the time period covered by the report.[3]  Upon the reopening of a closed (or administratively abated) case, the reporting requirement is again applicable while the case is open.

Operating reports provide a mechanism for the Court, Debtor in Possession, creditors, the United States Trustee, and other interested parties to monitor the financial position of a chapter 11 estate during the chapter 11 process.  The operating reports allow the Debtor in Possession and all interested parties to detect whether the financial condition of the estate is deteriorating and, therefore, whether the chapter 11 process is a viable alternative for the estate.  The responsibility to file reports—and file them timely—is high on the list of fiduciary obligations imposed upon a Debtor in Possession.

In addition, the Debtor in Possession must pay a quarterly fee to the United States Trustee until the case is closed (or administratively abated in an individual Chapter 11 case), converted, or dismissed.  The quarterly fee is payable on or before the last day of the calendar month following the calendar quarter for which the fee is owed.[4]  As with the reporting requirement, the payment requirement is again applicable while the case is open.

The failure timely to comply with the duties to file operating reports and pay quarterly fees constitutes grounds for the Court to convert this case to a case under chapter 7 or dismiss the case.[5]  Consequently, the Court urges the Debtor in Possession to calendar and timely comply with the deadlines for filing any required operating report and paying the required quarterly fee.

It is accordingly

ORDERED:

1.  If the Debtor in Possession fails timely to (i) file any required monthly or quarterly operating report or (ii) pay the required quarterly fee, the Court will

---

[3] United States Trustee's Guidelines, ¶¶ 8 and 13.  *See also* Fed. R. Bankr. P. 2015(a)(6) for Small Business Monthly Operating Reports.

[4] 28 U.S.C. § 1930(a)(6).

[5] *See* 11 U.S.C. § 1112(b)(4)(F), (H), and (K).

dismiss this case upon motion by the United States Trustee or *sua sponte*, without a hearing.

  2.  For *good cause* shown by motion filed *on or before* the due date of an operating report or payment, the Court may enlarge a particular deadline.  (Of course, if this happens, the estate's lawyer will be entitled to bill the estate and be paid for this work,[6] unless the lawyer directly caused the need for an enlargement.)

The Clerk of the Court shall serve the Debtor.  Otherwise, service shall be made by CM/ECF to CM/ECF users only.

---

[6] Payment is subject to proper application, notice, hearing, and order approving compensation under 11 U.S.C. §§ 330 and 331.